LAWYERS' SURETY CO. OF NEW YORK v. AYRAULT et al.   (No. 6609.)

(Supreme Court, Appellate Division, First Department.   December 31, 1914.)

1. PRINCIPAL AND SURETY (§ 51*)—TRUSTEE—SURETY—TERMINATION OF LIA-
    BILITY.
        Where complainant surety company contracted to be bound as surety for a trustee of certain bonds for the benefit of individuals during their lives, the surety, in the absence of proof that the trustee has been guilty of some default or dereliction of duty, cannot terminate its liability, prior to the expiration of the term of the trust, without the surety's consent, nor compel the latter to account.
        [Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 97–100; Dec. Dig. § 51.*]

2. PRINCIPAL AND SURETY (§ 51*)—STATUTES—APPLICATION.
        Code Civ. Proc. § 812, relating to bonds or undertakings given in an action or special proceeding, and authorizing the surety in certain cases to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

apply for release and the giving of a new bond, etc., has no application to bonds given to secure the fidelity of a trustee.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 97–100; Dec. Dig. § 51.*]

Appeal from Special Term, New York County.

Suit by the Lawyers' Surety Company of New York against Ernest F. Ayrault, impleaded with James W. Colt and Elizabeth Colt, individually and as administratrix of Anne D. A. Colt, deceased. From an interlocutory judgment directing an accounting, defendant Ayrault appeals. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

George E. Blackwell, of New York City, for appellant.
Robert Gray, of New York City, for respondent.

McLAUGHLIN, J.   The complaint alleges, in substance, that on the 9th of February, 1893, the defendants James W. Colt and Ernest F. Ayrault entered into a trust agreement (which is annexed to and made part of the complaint) pursuant to which Colt assigned to Ayrault certain bonds of the par value of $23,000, which were to be held in trust during the lives and for the benefit of Anne D. A. Colt and Elizabeth Colt, with provision for their disposition at the death of the second beneficiary; that in compliance with this agreement, Ayrault, as principal, furnished a bond in the sum of $30,000, with plaintiff as surety, conditioned upon the faithful performance of the trust; that Ayrault has ever since been, and now is, acting as such trustee; that Anne D. A. Colt, one of the beneficiaries, has died, and Elizabeth Colt was appointed administratrix of her estate; that the defendants, other than Ayrault, also claim an interest in the trust estate; that plaintiff has demanded that Ayrault account as trustee under the trust agreement, but he has failed and neglected to do so. The judgment demanded is that Ayrault be directed to account, that plaintiff, upon the settlement of Ayrault's account, be released as surety and that he be required to file a new bond or resign and a new trustee be appointed.

The defendant Ayrault in his answer admits all of the material allegations alleged in the complaint, except that he denies the plaintiff has demanded an accounting. The defendants James W. Colt and Elizabeth Colt, individually and as administratrix of Anne D. A. Colt, deceased, interposed separate answers and submitted their rights to the protection of the court, asking, if it be a proper exercise of the power of the court to relieve the plaintiff of its liability on the bond referred to in the complaint, that such relief be not granted until Ayrault shall have accounted and given another bond in the sum of $30,000, with a responsible surety company as surety.

After issue was joined the plaintiff moved, under section 547 of the Code of Civil Procedure, for judgment on the pleadings. The motion was granted, and Ayrault appeals.

[1, 2] I think the order should be reversed. The plaintiff contracted to be bound as surety for the period of the trust agreement, and it

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cannot, without proof that the principal has been guilty of some default or dereliction of duty, terminate its liability without his consent. A surety, in the absence of statutory authority, cannot, under such circumstances, be relieved from his contract of suretyship. Section 812 of the Code of Civil Procedure has no application, because that only relates to sureties upon bonds or undertakings given in an action or special proceeding. There are no allegations in the complaint showing that the plaintiff is entitled to any accounting, no charge of misconduct of any kind made against Ayrault, and there is nothing in the contract of suretyship requiring the latter to account until the trust has terminated. Had the defendants James W. Colt and Elizabeth Colt set out in their answers their relation to the trustee and their interest in the trust fund, and had these answers been served upon Ayrault, then it may be they would be entitled to an accounting; but that question is not now before us, and we do not pass upon it. They did not move for judgment, and in their respective answers simply submitted their rights to the court and asked that the plaintiff be not relieved until Ayrault had accounted and given another undertaking in place of the one given by the plaintiff.

In Ridgeway v. Potter, 114 Ill. 457, 3 N. E. 91, 55 Am. Rep. 875, which was an action quite similar to this one, the court said:

"We can see that it is a hardship for the complainant to stand as the sole solvent surety on such a bond, where there is no express requirement for any accounting and settlement of accounts, subject to an unknown and indefinite liability, and that it would be very desirable on his part to have afforded to him the relief * * * asked for by his present bill; but we do not see how it can be done, aside from the aid of any statutory provision in such behalf."

The judgment appealed from, therefore, is reversed, with costs to the appellant, and the motion denied, with $10 costs. All concur.